IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIGUEL JIMENEZ, § | | |
| Petitioner, § | | |
| § | | |
| v. § | No. 3:17-CV-1586-D (BT) | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, § 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow:

I.

Petitioner is a federal inmate and has filed this habeas corpus petition under 28 U.S.C. § 2241. Petitioner is proceeding *pro se,* and the Court has granted him leave to proceed *in forma pauperis*. For the following reasons, the Court recommends that the petition be DENIED.

Petitioner was convicted in the Western District of Texas of conspiracy to distribute marijuana and money laundering. *See United States v. Miguel*

*Jimenez*, No. 5:02-cr-326-FB-1 (W.D. Tex.).[1] On March 11, 2003, Petitioner was sentenced to 262 months on each conviction, to run concurrently. On September 14, 2015, the district court in the Western District of Texas reduced Petitioner's sentences under Amendment 782 of the Sentencing Guidelines to 240 months on each conviction, to run concurrently.

On June 12, 2017, Petitioner filed this § 2241 petition. He argues his sentence should be reduced under the Fifth Circuit's opinion in *United States v. Torres*, 856 F.3d 1095 (5th Cir. 2017), which found that the district court had authority under U.S.S.G. Amendment 782 to reduce a money laundering sentence where the offense level for that offense was dependent on the drug-trafficking offense level.

II.

Title 28 U.S.C. § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Title 28 U.S.C. § 2241, however, may be used by a federal prisoner to challenge the legality of his conviction if he or she can satisfy the requirements of the § 2255 "savings clause." The savings clause states:

---

[1] Petitioner also lists case number 5:01-cr-326-FB in the style of his petition. In that case, Petitioner was convicted of using and carrying a firearm during a drug trafficking crime. His petition does not appear to raise a challenge to this conviction.

2

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

The petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack v. Ysuff,* 218 F.3d 448, 452 (5th Cir. 2000)). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also, Pack*, 218 F.3d at 453 ("[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy.").

The savings clause of § 2255 applies to a claim that (i) is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904.

Here, Petitioner does not claim he was convicted of a nonexistent offense, and he does not rely a retroactively applicable Supreme Court decision. He

3

therefore has failed to establish that he is entitled to relief under § 2241. Additionally, because Petitioner challenges only his sentence, and not his conviction, his claims do not fall within the savings clause. *See Daniels v. United States Penitentiary*, 599 Fed. Appx. 147, 148 (5th Cir. 2015) (per curiam) (citing *Preston v. Ask-Carlson*, 583 Fed. Appx. 462, 463 (5th Cir. 2014) and *Torres v. Young*, 457 Fed. Appx. 427, 429 (5th Cir. 2012)).

III.

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition under 28 U.S.C. § 2241 be denied.

Signed May 28, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).